WALTER H. COOTS v. GEORGE W. RADFORD, ASSIGNEE.

*Trover for assigned property taken on attachment.*

Act 198 of 1879 invalidates any attachment levied on assigned property after the assignment is made and before the assignee files his bond. *Held* that a creditor levying an attachment within that period cannot be allowed to support it by showing that the assignment was made with intent to defraud creditors.

An assignee for the benefit of creditors can bring trover against the sheriff or other stranger for the full value of assigned property seized and sold by him on writs of attachment issued after the assignment was made and before the assignee's bond was filed.

Error to Superior Court of Detroit. Submitted June 30. Decided October 12.

TROVER and TRESPASS *de bonis asportatis.* Defendant brings error. Affirmed.

*Griffin, Dickinson, Thurber & Hosmer* and *John D. Conely* for plaintiff in error. Whether an assignment for the benefit of creditors is with preferences is for the jury to find: *Burrows v. Lehndorff* 8 Ia. 96; *Cole v. Dealham* 13 Ia. 551; *Lampson v. Arnold* 19 Ia. 480; *Van Patten v. Burr* 52 Ia. 518; *Rundlett v. Dole* 10 N. H. 458; *Perry v. Holden* 22 Pick. 269; *Holt v. Bancroft* 30 Ala. 193; an assignment is fraudulent if the assignor's intent is fraudulent: *Flanigan v. Lampman* 12 Mich. 58.

*George W. Radford* and *C. I. Walker* for defendant in error. One who has possession of property and any interest in it, or the right of possession, can maintain trover for it: Cooley on Torts 444; *Cullen v. O'Hara* 4 Mich. 137; *Edwards v. Franks* 40 Mich. 617; *Duncan v. Spear* 11 Wend. 54; as, a mortgagee: *Van Brunt v. Wakelee* 11 Mich. 177; *Grove v. Wise* 39 Mich. 162; *Parkhurst v. Jacobs* 17 Mich. 306; or a mortgager: *Tallman v. Jones* 13 Kan. 446; or a mortgager's assignee: *Axford v. Mathews*

43 Mich. 327; but whether mortgager or mortgagee brings it, he recovers the full value of the property: *Davidson v. Gunsolly* 1 Mich. 390; *Parish v. Wheeler* 22 N. Y. 494.

MARSTON, C. J.   On the 11th day of September, 1880, James H. Worcester made an assignment for the benefit of his creditors, without preferences, to the defendant in error who accepted the trust.   Evidence was given on the trial tending to show that the assignee took possession of the property; an inventory was made out and completed on the 20th of September, and a bond executed and approved on the same day, and filed with the inventory and a copy of the assignment with the county clerk.   Writs of attachment were issued by certain of Worcester's creditors on September 13th, 15th and subsequent dates, and certain personal property,—a part of that assigned,—seized by the plaintiff in error, as sheriff thereunder; judgments were afterwards recovered, executions issued, and the attached property taken and sold by virtue thereof.   The assignee then commenced this action to recover the value of such goods.   On the trial he obtained a judgment and the case comes here for review on writ of error.

The assignment was made subject to certain chattel mortgages,—one dated August 10, 1880, to the wife of the assignor, for $6000, and one to his son, dated August 2d, for $1000.   These mortgages with others were not filed until the forenoon of September 11th; and between the 15th and 18th of September, these mortgagees removed in the night-time from the store and stock of goods, sufficient to satisfy their mortgages.   The assignee was advised of the taking of such goods, but made no objections thereto, nor took any steps to reclaim such goods but admitted the validity of the mortgages and the propriety of such removal.   It was also claimed that no sale of such goods had been made under the mortgages, and it was also claimed that certain other suspicious circumstances existed, which tended to show bad faith.

The sheriff, plaintiff in error, claimed that the question whether the assignee was in possession at the time of the

seizures under the writs of attachment should have been sub-mitted to the jury; that the assignment does not purport to convey all the assignor's property, in that it is made subject to existing legal encumbrances; that the bond being in but double the amount of the value of the equity of redemption was insufficient and the assignment inoperative by reason thereof; that the assignment was with preferences within the meaning of the statute, as the mortgages were but a part of the assignment and given with such intention; and that the assignee could not maintain trover for the full value of the mortgaged property taken. The trial court held that the assignor's creditors could not attack the assignment by attaching the assigned property, and rejected offered evidence of fraud. Indeed this is the real question here in issue, viz.: Where an assignment has been made under the act of 1879, can an attaching creditor show that such assignment was made with intent on the part of the assignor to defraud creditors?

In *Fuller v. Hasbrouck* 46 Mich. 78, it was said that the plain intent of this act of 1879 was to secure the equal distribution of the property of insolvents among all the creditors, and that attachment proceedings would defeat and prevent such a result. The third section of the act confers upon the assignee the right to recover all property, rights and equities therein which might be reached or recovered by any of the creditors. This right did not exist prior to the taking effect of the act in question, and this evidently was intended as a necessary power to protect all the creditors and prevent any one or more from gaining an advantage over the others. To this extent it cut off the right of the creditor, as the protection and equality of all could not be carried out while such a right existed. That it is the duty of the assignee to protect the creditors under the power in section three conferred there can be no doubt, and a failure on his part so to do gives any one of the creditors a right to proceed in chancery, and thus compel a prompt and faithful execution of the trust. If a fraudulent preference was given, a remedy is given by the sixth section, consistent

with the primary idea of the act, and this remedy is complete and ample, and secures an equal distribution of the property under all circumstances. The ruling of the court below in excluding evidence of fraud was correct. The terms of the act and the case referred to dispose of this part of the controversy.

We must assume in the present controversy that the mortgages were valid. This being so the penalty of the bond was sufficient, even were that question properly raised in the present case.

The assignee could maintain this action and recover the full value of the property from a stranger,—and this was the relation which the sheriff sustained in the proceedings.

It follows that the judgment must be affirmed with costs.

The other Justices concurred.