ANDREW GREEN v. JOHN G. GILL AND LAURA E. GILL.

*Questions of fact—Possession of lands—Common source of title.*

Where no requests for instructions have been submitted and no exception taken to the final result, there can be no question raised as to the sufficiency of the facts to support the judgment, or as to the judge's conclusion of law.

Where special findings are needed to bring the facts on the record, but have not been asked for, the Supreme Court will not review the testimony as a means of ascertaining the facts.

It is not open to a defendant to claim that a point essential to the case against him was not made out where he himself supplied the omission in making his defence.

Where a case is tried without a jury, it is the exclusive province of the judge to pass upon the testimony after its admission and make the necessary inferences from it, and his conclusions as to its weight and bearing are not reviewable.

Where both parties to a summary proceeding to recover possession of lands trace title to the same person and claim under him, there is sufficient privity of estate between them to sustain the proceeding.

Error to Mecosta. Submitted Oct. 11. Decided Oct. 19.

PROCEEDINGS under Comp. L. ch. 211 to recover possession of lands. Defendant brings error. Affirmed.

*W. W. Carpenter* for plaintiff in error.

*Frank Dumon* and *M. Brown* for defendant in error.

GRAVES, J. The defendants in error prosecuted summary proceedings before a circuit court commissioner to recover possession of certain land, and the case was taken to the circuit court by appeal. The hearing was had before the judge without a jury. No special finding was required and none was made. The judge decided in favor of defendants in error and ordered that they recover possession. No propositions were submitted in the nature of requests to charge and no exception was taken to the final result. There is no

foundation for any questions upon the sufficiency of the facts to support the judgment nor for any questions as to the judge's conclusion of law upon the whole case. No points are open except such as depend on exceptions taken to rulings in regard to evidence.

Considering the nature of the controversy and the positions in the brief it is pretty evident that special findings should have been called for, so as to bring the facts upon the record. The testimony is not reviewable here as a means of ascertaining the facts, and its only office in this record is to present the objections which were taken to the rulings of the circuit judge in receiving or excluding what was offered.

In June, 1868, Lewis H. Green and wife executed a mortgage to Asa B. Mudge which was placed on record. It was accompanied by a note to which reference was made in the mortgage to show at what time the debt would become due, there being no express statement of it in the mortgage. The ground taken by defendants in error was that a portion of the mortgaged premises was released in December, 1872, and that as to the remaining part, and being the parcel in question, the mortgage was subsequently foreclosed by advertisement and sold to Luanna E. Green who became vested with the title for want of redemption and received the sheriff's deed. That she afterwards died testate and by her will devised the property in fee to her son William H. Harley who subsequently conveyed to said defendants in error. The plaintiff in error claimed as lessee of the mortgagor. It hence appears that the parties on both sides trace title to the mortgagor and claim under him. The objection of want of priority was therefore baseless. See *Blight's Lessee v. Rochester* 7 Wheat. 535.

The defendants in error were unable to produce the note, and omitted to give evidence to show that the mortgage debt, or any part of it, was due and payable at the time of the proceedings to foreclose. It is now urged by the plaintiff in error that this was a fatal defect, because it was not made to appear that any default had occurred and hence it

was not shown that the power in the mortgage had become operative. Whatever force might have been due to this point if nothing had been done by the objecting party to obviate it, we have no occasion to consider. It is sufficient now that when he proceeded to make out his defence he showed by direct evidence that the mortgage became due some time prior to the proceedings to foreclose.

It would be a waste of time to notice and discuss in detail the various exceptions to evidence contained in the record. They were all addressed to the court whose duty it was, in the absence of a jury, to pass upon the testimony after its admission and make the necessary inferences and deductions and ascertain according to his own judgment its legitimate weight and value. After a careful examination no ruling is found on the admission of evidence which we are able to say operated to the legal prejudice of the plaintiff in error. When it was not admissible it was harmless. The most of it certainly was admissible and the only question left was in regard to its weight and the proper deductions and inferences. Whether in giving effect to it there was error is an inquiry the record does not authorize, and one it is not our province to make.

The judgment should be affirmed with costs.

The other Justices concurred.