## WILLIAM PICKERSGILL, JR. v. FRANCIS W. RIKER.

*Assignment—Compulsory execution of trust.*

Where an assignee for the benefit of creditors holds the assigned property during the period allowed him to file his bond, and then instead of filing it, relinquishes his trust and at once attaches the goods as a creditor, other creditors over whom he has thereby obtained an undue advantage, should proceed under Act 198 of 1879 to compel a proper execution of the trust, and the attachment proceedings will meanwhile be stayed.

Appeal from Calhoun.  (Hooker, J.)  Jan. 16.—Jan. 18.

INJUNCTION bill, to restrain defendant from proceeding to enforce an attachment lien against a stock of goods which had been assigned to him by his father for the benefit of the latter's creditors, but which he had himself levied upon as a creditor after holding them for over ten days as assignee and then renouncing the trust without having filed his assignee's bond.  The bill was dismissed below, but the injunction left in force until an appeal could be taken and decision had thereon.  Complainant appeals.  Decree changed.

*A. M. Culver* for complainant.

*Rienzi Loud* for defendant

MARSTON, J.  Agreeing with the complainant that defendant obtained an undue advantage, yet following the cases of *Fuller v. Hasbrouck* 46 Mich. 78, and *Coots v. Radford* 47 Mich. 37, we are of opinion the complainant should proceed under the statute to compel a proper execution of the trust.  If the relief asked for is granted in the present case it will result in the present complainant's obtaining a preference, and thus perhaps compel other proceedings to be commenced to set aside the same.  It is better that the entire matter be disposed of in one case for the benefit of all the creditors.

The cause will be remanded to the court below, where a reasonable time may be allowed the complainant to bring in such other parties as he may be advised, and amend his bill of complaint. The proofs already in will stand and further may be taken should any of the parties desire. The attachment proceedings on the part of the defendant will be stayed during the progress of the cause. Costs to abide the result.

The other Justices concurred.