## COMMERCIAL NATIONAL BANK OF DETROIT v. JOHN G. MOSSER ET AL.

### *Assignment law—Receiver.*

1. If the assignee under a common-law assignment has accepted his trust, any attachment subsequently levied is nugatory; and if, for whatever reason, he fails to act, a receiver may be appointed in his place under How. Stat. ch. 303. So *held* where the assignees had ceased to act because they supposed themselves displaced by proceedings taken under the Assignment Law of 1883, which turned out to be unconstitutional.

2. Acceptance of his trust by an assignee is indicated by his taking possession of the property and notifying creditors; but it is shown conclusively by his joining in the act of assignment, and recording it when executed.

Appeal from Wexford. (Fallass, J.)   June 10.—June 17.

BILL to set aside levies.   Defendants appeal.   Affirmed.

*Thomas J. O'Brien* for complainant. By the execution and delivery of an assignment, the relation of trustee and cestui que trust, is constituted at once without any express assent of the creditors, and cannot afterward be revoked, except upon the dissent of creditors: *Suydam v. Dequindre* Har. Ch. 347; an assignment in trust, for the benefit of creditors, when once accepted by the assignee, operates as a conveyance and not as a mere power, and cannot be revoked by the assignor or defeated by the renunciation of the assignee: *Hall v. Denison* 17 Vt. 310; *Ingram v. Kirkpatrick* 6 Ired. Eq. 462; *Sevier v. McWhorter* 27 Miss. 442; *Seal v. Duffy* 4 Penn. St. 274; it creates at once the relation of trustee and cestui que trust, between the assignee and the

creditors, and gives the latter the right to enforce its provisions, even though it be made without their knowledge or privity: *Briggs v. Palmer* 20 Barb. 392; *Klapp's Assignees v. Shirk* 13 Penn. St. 589; by the acceptance of an assignment for the benefit of creditors, the assignee becomes a trustee for the creditors, and equity will compel the execution of the trust for their benefit: *Moses v. Murgatroyd* 1 Johns. Ch. 119; *Sheperd v. McEvers* 4 Johns. Ch. 136; *Nicoll v. Mumford* 4 Johns Ch. 523; *Ward v. Lewis* 4 Pick. 518; *N. E. Bank v. Lewis* 8 Pick. 113; *Pingree v. Comstock* 18 Pick. 46; *Pearson v. Rockhill* 4 B. Mon. 296.

*Sawyer & Bishop* and *M. Brown* for defendant appellant. In *Pierson v. Manning* 2 Mich. 463, the court held that there must be some acceptance of the trust reposed by an assignment for the benefit of creditors, and that a delivery of the assignment without acceptance, was nugatory; following *Crosby v. Hillyer* 24 Wend. 280; in *Sullivan v. Smith* 15 Neb. 476, it was held that a delivery was necessary, and that it was necessary for the assignee to take possession of the assigned estate; and in *Mathews v. McMillan* 60 Wis. 547, it was held that an assignment was void as to objecting creditors if the assignee did not file an inventory and list of creditors within ten days after the assignment was made: *Haben v. Harshaw* 59 Wis. 403.

Cooley, C. J. The principal question in this case is whether the assignees in a common-law assignment, under the facts which will be recited, took the title as trustees for the creditors, so as to preclude the property being seized on attachments.

On November 19, 1883, the banking firm of Rice & Messmore, doing business at Cadillac, in this State, finding themselves insolvent, executed to William E. Ambler and John C. Mosser, as trustees, a general assignment of all their property for the benefit of their creditors ratably. Ambler and Mosser joined with the assignors in executing the assignment, and it was placed upon record by them.

Before further action was taken, certain creditors filed with the circuit judge a petition, under the Assignment Law of 1883, praying for the appointment of a receiver, and such

proceedings were had upon the petition that Fred. S. Kield-
son was appointed receiver, gave bond, took possession of
the assets, and entered upon the performance of duty under
the appointment.   He continued to act as receiver until this
Court, in the case of *Risser v. Hoyt* 53 Mich. 185, held the
Assignment Act of 1883 unconstitutional.

When this decision was made, a number of creditors,
and among them Ambler and Mosser, sued out attachments,
and levied upon the property which had been assigned. This
was done on an assumption that the trust which the assign-
ment was intended to create had failed by reason of the non-
action of Ambler and Mosser as assignees, and, the receiver-
ship proving to be invalid, the creditors were remitted to
such remedies as would have existed if no assignment had
been made.   The complainants in this suit, who are creditors
to a large amount, thereupon filed their bill, praying for the
appointment of a receiver, and the execution by him of the
trust which the bill claims was created by the assignment.
They also prayed that the creditors who had attached should
be enjoined from proceeding on their levies.

The defendants, who are the debtors and the attaching
creditors, answered ; but, as there is no dispute in the lead-
ing facts, the pleadings and evidence need not be further
referred to.   The circuit court in chancery made a decree
whereby the assignment was declared to have created a valid
trust, which the assignees had failed to execute, and Kield-
son was thereupon appointed receiver for the purpose of
executing the same.   It was declared in the decree that
"all of the right, title, authority, interest, property, and
estate granted by said deeds in terms or intent to the as-
signees therein named, are hereby continued, vested, and
confirmed in the said receiver, and he shall have and possess
all power, right, authority and estate which the said assign-
ees would have had under said assignment.   He shall take
the same, subject to the trust expressed in said deed, and shall
discharge and perform all of the duties, trusts, and obliga-
tions which would otherwise have devolved upon the said
assignees, and execute and discharge said trust, and expend

and distribute the funds coming into his hands by virtue of the same, in all respects according to the terms and intent of said deed of assignment, and the laws of this State governing such assignments."

All levies on the assigned property, and all other proceedings taken by creditors with a view to obtaining preferences, were set aside. Mosser and three other defendants appealed.

We think this case is within the ruling in *Fuller v. Hasbrouck* 46 Mich. 78. It was there held that the failure of the assignee to proceed within the time contemplated by the statute to give his bond and commence the execution of his duties, did not defeat the trust which had been accepted by him. In that case there were further acts of acceptance than appear in this; for he had taken possession of the property and given notice to creditors. But these were only significant facts indicating acceptance, and the acceptance is conclusively made out in this case by the assignees joining in the assignment, and putting it upon record after the execution was completed. They went no further because they supposed they were displaced by the appointment of a receiver. We adhere to what was said in *Fuller v. Hasbrouck*, and also in *Coots v. Radford* 47 Mich. 37, and *Pickersgill v. Riker* 50 Mich. 98. Those cases, we think, require an affirmance of this decree.

The purpose of the Act of 1879 (How. Stat. ch. 303), which the bill seeks to enforce in this case, is to compel an equal distribution of insolvent estates among creditors in cases where a trust for their nominal benefit has been created. This is to be done through the assignee, if he proceeds to execute the trust as the statute provides; otherwise, a receiver appointed by the court of chancery. The assignees in this case have failed to act; the reasons are immaterial. The intent of the statute can now be accomplished only through a receiver, and any creditor had a right to have one appointed.

The decree must be affirmed.

The other Justices concurred.