DAVID WOLF, ASSIGNEE, ETC., v. ARTHUR B. SLOSSON.

| 83 | 543 |
| 89 | 350 |

*Assignment for benefit of creditors—Preferences.*

An assignment for the benefit of creditors, when fully perfected, cannot be set aside at the suit of an attachment or execution creditor, by proof of an unlawful preference, or of "any fraud in the matter of such assignment." *Coots v. Radford*, 47 Mich. 37.

Error to Osceola. (Judkins, J.) Argued November 20, 1890. Decided December 5, 1890.

Trover. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Charles B. Lothrop*, for appellant.

*Charles H. Rose,* for plaintiff.

[The points of counsel are fully stated in the opinion. —REPORTER.]

CAHILL, J. Stevens & Farrar, a firm doing a general hardware business at Evart, Mich., made a general assignment for the benefit of their creditors on February 8,

1890, to the plaintiff, who, with his brother, were bankers at Evart, under the name of Wolf Bros. No question is made of the regularity and strict compliance with the provisions of the statute of all the assignment proceedings on their face, including the filing of the bond, notice to the creditors, etc.

On February 1, 1890, Stevens & Farrar, claiming to be indebted to Wolf Bros. in the sum of $500, gave them a chattel mortgage on their stock, due April 1, 1890, for that amount.

Fletcher, Jenks & Co. are a firm doing a wholesale hardware business at Detroit, and, at the time of the assignment of Stevens & Farrar, were their creditors to a large amount. On February 28, 1890, Fletcher, Jenks & Co. began a suit in the circuit court of Osceola county, by attachment, against Stevens & Farrar, and the appellant, the sheriff of said county, took, by said writ, the goods in controversy from the assignee. This suit in trover was then brought by the assignee against the sheriff.

On the trial the plaintiff offered in evidence, and relied upon, the assignment and the proceedings subsequent thereto to support his title. Evidence was also offered of the seizure of these goods, while in the hands of the assignee, by the defendant under his writ of attachment against Stevens & Farrar. The defendant offered in evidence the chattel mortgage, dated February 1, 1890, from Stevens & Farrar to Wolf Bros., claiming that it was really a part of the assignment, was simultaneous with it, and was taken with full knowledge on the part of the assignee of the insolvency of the assignors, and of their intent to make an assignment, and constituted such a preference as to render the assignment void as against the attachment levy. The trial judge excluded the mortgage, holding that, even were the facts as claimed, this

preference did not avoid the assignment, and constituted no defense to the action, and that a creditor's only remedy in case of such preference was by proceedings in equity under the statute.

The question here raised is as to whether an assignment, under chapter 303, section 1, How. Stat., which provides "that all assignments commonly called common-law assignments for the benefit of creditors shall be void, unless the same shall be without preferences as between such creditors," can be attacked in a court of law by proof of unlawful preferences. It is conceded by counsel for appellant that the rule was considered as settled in this State against him by *Coots v. Radford*, 47 Mich. 37, except for the case of *Kendall v. Bishop*, 76 Mich. 634. But it is claimed that the latter case has shaken the view formerly entertained by the profession, and that many now regard the doctrine of *Coots v. Radford* as essentially modified, if not entirely overruled. We are all agreed that it was not the intention of the Court, in the case of *Kendall v. Bishop*, to overrule *Coots v. Radford*. The instrument considered in *Kendall v. Bishop* was not intended by the parties to it as an assignment under the statute. It was held to be an assignment by construction merely. No attempt had been made by the parties to comply with the statutory requirements concerning assignments by giving a bond, or in any other respect, and, although the decision was not put upon the ground that an attachment would lie against the property because the statutory requirements concerning assignments had not been complied with, still that fact was in the case, and must have had its weight in determining the result.

It was said in *Beard v. Clippert*, 63 Mich., on page 719, that—

"A creditor of the assignors, after the time given by

the statute to file the bond has expired, has two remedies open to him. He may proceed upon the equity side of the court to have the trust carried out through the intervention of a receiver and the supervisory powers of a court of chancery, or he may, if no other creditor invokes the aid of chancery, proceed to enforce his claim against the property of his debtor by levy of attachment or execution, as if the attempted assignment had not been made. He is not obliged, because an attempted assignment has been made, *but fails utterly for want of the filing of the required bond,* to proceed to enforce the trusts of the assignment in a court of equity."

It is said that the language here used was *obiter,* but nevertheless it states the doctrine which was applied in the case of *Kendall v. Bishop, supra.*

It must be declared as the settled law of this State that an assignment for the benefit of creditors, when fully perfected, cannot be set aside at the suit of an attachment or execution creditor, by proof of unlawful preferences, or of "any fraud in the matter of such assignment." Relief against such a fraud is ample, under sections 6 and 11 of the act, but when given it will be for the benefit of all concerned as creditors. To declare an assignment void on the ground that it gives a preference to A., so that B. may obtain a like preference by attachment, is not what the statute contemplated, if all its provisions be read together. This is not saying that such a construction of the statute is without difficulty. The apparent inconsistencies of the various provisions have been considered in former cases, and the effort has been in each case so to harmonize them as to secure, if possible, the beneficial results intended to be accomplished, viz., an equal distribution of an insolvent estate among creditors. *Fuller v. Hasbrouck,* 46 Mich. 78·; *Munson v. Ellis,* 58 Id. 331.

The judgment must be affirmed, with costs.

The other Justices concurred.