CHAPMAN v. NEHMAN.

SUMMARY PROCEEDINGS—LANDLORD AND TENANT—PLEA OF TITLE
  —JURISDICTION.

> Where, in summary proceedings to recover the possession of
> land, the proofs make out a case under the statute (3 Comp.
> Laws, § 11164), defendant cannot deprive the court of juris-
> diction by setting up a claim of title. So *held* where com-
> plainant claimed that, by her consent, defendant's grantor
> constructed a stairway over her land, for use in connection
> with his adjoining premises, upon the understanding that he
> would remove it on request, and defendant sought to show
> that the stairway was in fact on his side of the true dividing
> line.

Error to St. Clair; Atkinson, J. Submitted June 24,
1901. Decided September 25, 1901.

Summary proceedings by Sarah A. H. Chapman against
Michael Nehman to recover the possession of land. From
a judgment for complainant, defendant brings error.
Affirmed.

*Avery Bros. & Walsh* (*Frank Whipple*, of counsel),
for appellant.

*John B. McIlwain*, for appellee.

MOORE, J. Complainant brought summary proceed-
ings to recover the possession of a strip of land about four
feet wide. It was her claim that Dr. McGurk was the
owner of the south half of a lot, and she was the owner of
the other half; that he desired temporarily to build a stair-
way upon her land, leading to the upper story of his
building; that he agreed to remove it whenever she wanted
him to do so; that he agreed to build a gutter to take care
of the water, and would make it right for the use of the
land; and that she consented to this. It was the claim of

defendant upon the trial that he and his grantor occupied the property so long that the line cannot now be disturbed. It is the claim of counsel for defendant in their brief that "the sole question in the case was, Where is the boundary line between the north half and the south half of lot 4? and this question cannot be tried in this form of action;" while counsel for complainant says the real question is, Did the grantor of defendant enter into possession of the land as the tenant of complainant? The court below held that the question of title could not be litigated in this proceeding.

The following special questions were submitted to the jury, all of which were answered in the affirmative:

"1. Did Dr. McGurk in 1876 obtain possession of a strip of land 32 inches in width along the south line of the north half of lot 4, in block 1 north, of range 1 east, according to Walker's plat of the village of Capac, from the plaintiff, as her tenant?

"2. Before the stairway was built on the McGurk building, was the center line of lot 4 in question agreed to by plaintiff and Dr. McGurk, and marked by a stake set by Dr. McGurk?

"3. Did Dr. McGurk build a stairway on his building 32 inches north of the line agreed to by plaintiff?

"4. After the stairway was built, did Dr. McGurk cut a notch in the door sill on a line with the stake, to mark said line?

"5. Did Robert McGurk inform the defendant, before he deeded to him, that the stairway extended over on plaintiff?"

An inspection of the record shows there was an abundance of testimony to justify the findings of the jury. Where the relation of landlord and tenant has existed, the statute provides when summary proceedings may be commenced. 3 Comp. Laws, § 11164, and the many cases cited in the note. The court is not devested of jurisdiction simply because defendant pleads title. *Butler v. Bertrand,* 97 Mich. 59 (56 N. W. 342). If the proofs bring the case within the terms of the statute, the court retains jurisdiction. *Butler* v. *Bertrand, supra; Gage*

v. *Sanborn*, 106 Mich. 269 (64 N. W. 32). We think the case was carefully and properly tried.

Judgment is affirmed.

The other Justices concurred.