SAYLES *v.* MURPHY.

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—TITLE.
   Summary proceedings will not lie where a question of title is involved.

2. SAME—CLAIM OF TITLE.
   But a mere claim of title will not defeat summary proceedings, and where both parties trace title to the same person and claim under him, there is sufficient privity between them to sustain the proceeding.

3. SAME.
   Where plaintiff sublet premises to defendant to a certain date, when his lease expired, and before the expiration thereof plaintiff secured a second lease to begin at the expiration of the first one, or before if the premises were

vacated, he was entitled, on expiration of the original
lease, to possession of the premises as against defendant
who claimed under a bill of sale of personal property from
one who had no interest in the leased premises.

Error to Muskegon; Sullivan, J. Submitted January 25, 1918. (Docket No. 139.) Decided March 28, 1918.

Summary proceedings by Frank Sayles against George E. Murphy for the possession of certain leased premises. Plaintiff had judgment of restitution before the commissioner, and defendant appealed to the circuit court. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Cross, Foote & Sessions,* for appellant.

*Turner & Turner,* for appellee.

MOORE, J. This is a summary proceeding to recover the possession of lands, commenced before a circuit court commissioner, where plaintiff recovered judgment. Upon removal of the case to the circuit court a verdict was directed in favor of the plaintiff and a judgment duly entered. The case is brought here by writ of error.

We quote from the brief of counsel for the appellant:

"The questions involved relate chiefly to the error of the trial court in allowing conflicting claims of title to be litigated and determined in summary proceedings, when the plaintiff's sole and appropriate remedy, if any, was either an action in ejectment or an action for damages."

It is important to have the facts disclosed by the record in mind: George McGowan is the owner of the real estate known as No. 5 West Western avenue in the city of Muskegon. On April 4, 1913, he exe-

cuted a lease of the premises to Charles F. Tonnelier
for a period of ten years, a clause in the lease gave
Mr. Tonnelier the right to sublet the premises. On
February 2, 1914, Mr. Tonnelier executed to Frank
Sayles a lease of the premises for a term of three
years. This lease contained a clause prohibiting sec-
ond party from subletting the premises without the
written consent of the first party.

On February 9, 1915, Frank Sayles executed to
George E. Murphy a bill of sale conveying to the sec-
ond party certain personal property and containing
the following:

"All the rights of the party of the first part in lease
of building in which is contained the Lion Theater be-
longing to said party of the first part and now in his
possession at No. 5 West Western avenue in the city
of Muskegon aforesaid."

It is the claim of plaintiff that the rent was to be
paid to Mr. Tonnelier in the name of Mr. Sayles. Mr.
Murphy took possession under this paper and for a
time paid the rent to Charles F. Tonnelier in the
name of Mr. Sayles. After a time and up to the ex-
piration of the lease on February 2, 1917, Mr. Murphy
paid the rent to Charles F. Tonnelier.

On December 9, 1915, Charles F. Tonnelier exe-
cuted to Frank Sayles another lease covering the same
premises for the term of five years, the term to com-
mence February 2, 1917, "or sooner should the tenant ·
now occupying the said premises see fit to terminate
his lease, or in the event of the premises becoming
vacant," and Mr. Sayles at once notified Mr. Murphy
of this fact. Mr. and Mrs. Sayles both testified that
at this time Mr. Murphy said he would vacate the
premises February 2, 1917, or sooner. Mr. Murphy
denies this agreement.

On August 25, 1914, Charles F. Tonnelier executed
a bill of sale to Victor L. Tonnelier, his brother. This

bill of sale conveyed the personal property contained in the premises known as No. 5 West Western avenue, but did not mention the original lease given by George McGowan to Charles F. Tonnelier, nor the one given to Mr. Sayles. It is claimed the parties intended to transfer the interest of Charles F. Tonnelier in the original lease and personal property to Victor L. Tonnelier, and that manual delivery of the lease was made to him. We are unable to find any proof in the record of a manual delivery of the lease at this time.

On April 10, 1916, Victor L. Tonnelier executed a bill of sale to George E. Murphy of the personal property, and the paper contained the following:

"All my interest in the fixtures and lease of the film theater in the city of Muskegon, Michigan, commonly known at the present time as the Lion Theater."

This instrument was attached to the original lease given by George McGowan to Charles F. Tonnelier on April 4, 1913, and both were delivered to George E. Murphy, who caused the same to be recorded in the office of the register of deeds on April 21, 1916.

May 6, 1916, plaintiff caused a notice to quit to be served on defendant. We quote from the brief of appellant:

"Up to February 2, 1917, defendant held possession of the premises in controversy under and by virtue of the bill of sale of date, February 9, 1915, from plaintiff to defendant. Thereafter he continued in possession of said premises under the bill of sale of date April 10, 1916, from Victor L. Tonnelier to defendant and the original lease from McGowan to Charles F. Tonnelier. From and after February 2, 1917, plaintiff claimed the right to possession of said premises by virtue of his said lease from Charles F. Tonnelier, dated December 9, 1915. He demanded from defendant possession thereunder which demand the defendant refused, claiming that he held possession under title paramount traced through McGowan, Charles F. Tonnelier and Victor L. Tonnelier. * * * It is a

well established rule of this court that summary proceedings will not lie where a question of title is involved. Title is defined in Bouvier's Law Dictionary, Volume 2, page 1121, as being 'the means whereby the owner of lands hath the just possession of his property.' "

Counsel cite many cases. There is no dispute about the general rule, but a mere claim of title will not defeat summary proceedings.

In *Green* v. *Gill*, 47 Mich. 86, the headnote, which fairly states what was decided as to that feature of the case, reads:

"Where both parties to a summary proceeding to recover possession of lands trace title to the same person and claim under him there is sufficient privity of estate between them to sustain the proceeding."

In the case of *Gage* v. *Sanborn*, a summary proceeding case, 106 Mich., at page 278, Justice HOOKER, speaking for the court, said:

"We have discussed both propositions, but the further claim is made that these claims raise a question of title, which cannot be tried in this proceeding. It is true that questions of title cannot be tried in summary proceedings; and when it appears that the decision must turn upon a question of adverse title the case must be dismissed. *Butler* v. *Bertrand*, 97 Mich. 59, and cases cited. But this must be understood to mean a question of legal title and it must be raised by the evidence offered in the case. If this were otherwise, a mortgagor could always defeat summary proceedings by denying the validity of the foreclosure or asserting that the premises had been redeemed."

This case was quoted with approval in *Chapman* v. *Nehman*, 128 Mich. 295, and again in *Tefft* v. *Tefft*, 154 Mich. 239, where there is a collation of the authorities.

In the instant case Mr. Murphy went into possession by reason of a paper which gave him the right to possession until February 2, 1917, under a lease

running to the plaintiff, who obtained a further lease which began February 2, 1917, or sooner, if Mr. Murphy vacated the premises. Mr. Murphy was at once given notice of this lease. He now seeks to defeat plaintiff's right of possession, without surrendering to him the premises, by virtue of the paper dated April 10, 1916, from Victor L. Tonnelier containing the clause:

"All my interest in the fixtures and lease of the film theater in the city of Muskegon, Michigan, commonly known at the present time as the Lion Theater."

Mr. Victor L. Tonnelier at this time had no interest in the lease, and, of course, could not convey what he did not possess.

Judgment is affirmed, with costs to the plaintiff.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred. KUHN, J., did not sit.