JAMES K. BURNHAM ET AL. v. WILLIAM HASKINS ET AL.

*Assignment for benefit of creditors—Fraud—Preferences—Bill in. equity by creditors.*

1. How. Stat. § 8744, was intended to give to the creditors of an insolvent debtor ample relief against the incompetency, neglect, or fraud of the assignee.
2. A creditor may file a bill, under How. Stat. § 8744, to set aside a chattel mortgage, alleged to have been given in anticipation of an assignment by the mortgagor, and to secure to the mort- gagee a preference, to which transaction the assignee is alleged to have been a party, without obtaining an order from the court requiring the assignee to institute proceedings to annul said mortgage.

Appeal from Clinton.    (Smith, J.)    Argued June 7, 1888.    Decided November 1, 1888.

Bill to set aside a chattel mortgage. Complainants appeal. Decree sustaining demurrer reversed, and demurrer overruled, with leave to answer. The facts are stated in the opinion.

*O. L. Spaulding,* for complainants.

*H. E. Walbridge* and *B. J. Corbin,* for defendants.

LONG, J. The bill in this cause alleges, substantially, that on November 14, 1887, one George V. Goodrich was doing business in the village of St. Johns, Clinton county, Mich., as a retail merchant of dry goods and millinery, and on that day was indebted to complainants Burnham, Stoepel & Co. in the sum of $1,144.29; C. L. Luce & Co. in the sum of $1,559.48; Foote, Reed & Co. in the sum of $390.31; Brown, Durrell & Co. in the sum of $125.75; W. H. Mitchell & Co. in the sum of $112.52; Richard Macauley & Co. in the sum of $98.20; and to other parties about the sum of $400; that he had in his store at St. Johns a stock of merchandise of the nominal value of about $4,100, but the real value of which was much less; that he had no other property, real or personal.

That on said November 14, Goodrich made a chattel mortgage to William and Eliza Haskins, to secure to them the payment of $2,230.98, as recited in said mortgage, on his entire stock of dry goods, millinery goods, and all his store fixtures and furniture, which said mortgage was filed in the office of the township clerk of the township of Bingham, in which the village of St. Johns is situated, at 11 o'clock A. M. of that day.

That at the time of the execution and delivery of said mortgage said Goodrich intended that it should operate as a preference to said William and Eliza Haskins, if they were creditors of said Goodrich, which complainants

deny; and that he intended to make an assignment, which was well known to said William and Eliza Haskins, who received the same with fraudulent intent to gain an unjust and fraudulent preference over orators and other *bona fide* creditors of said Goodrich,—they well knowing that said Goodrich was in failing circumstances, and with him intending to cheat, hinder, and delay orators in the collection of their just debts.

" That immediately upon the making of the said chattel mortgage, and as a part of the same transaction, the said Goodrich made an assignment of all his property, subject to his exemptions allowed by law, for the benefit of all his creditors, naming therein, as assignee, Henry E. Walbridge, an attorney at law, who drafted both the said chattel mortgage and assignment, and who, as your orators are informed and believe, was the adviser of said Goodrich and the said William and Eliza Haskins in the matter of said assignment and chattel mortgage; and that. thereupon the said Walbridge accepted said trust, and, filing the bond required by statute, took possession of the assigned property, and is now actively engaged in selling the same.

" That, as your orators are informed and believe, the actual value of the property is less than $3,000, and worth little, if anything, above the amount of said mortgage, and the expense of executing the assignment; that. the indebtedness of said Goodrich, as your orators are informed and believe, is about $4,100, exclusive of the indebtedness to said William and Eliza Haskins. That your orators respectively have proved their debts against the said Goodrich, and that they are, respectively, in the sums hereinbefore set forth; and that they, with the proofs thereof, have been filed with the clerk of the circuit court for the county of Clinton.

" That your orators have in writing requested the said assignee, Henry E. Walbridge, to take the necessary legal proceedings at once to set aside said chattel mortgage to William and Eliza Haskins, to the end that the entire property assigned to him may be applied *pro rata* to the payment of all the creditors of said Goodrich, but he has declined, and still does decline, so to do; and your orators are informed and believe that he intends to and

will, unless restrained by the court, or the said property is taken away from him by said William and Eliza Haskins by virtue of the said chattel mortgage, sell and dispose of said assigned property, and first pay said chattel mortgage, to the great injury of your orators.

"That said William and Eliza Haskins are authorized by said chattel mortgage, which becomes due on the 1st day of January, 1888, whenever they shall deem themselves insecure, to take immediate possession of said mortgaged property; and your orators, from information and belief, fear that they will take possession of said property by virtue of said mortgage, to the injury of your orators, unless restrained by this court.

"To the end, therefore, that the said William Haskins, Eliza Haskins, George V. Goodrich, and Henry E. Walbridge, assignee of said George V. Goodrich, defendant herein, may full, true, direct, and perfect answer make to all and singular the premises, but not under oath, their answer under oath being hereby waived; and that said chattel mortgage may be held and declared to be a fraudulent and unjust preference of the said William and Eliza Haskins, and made with the intent to cheat, hinder, and delay your orators in the collection of their just debts, and may be decreed void, and be set aside; and that the proceeds of the sale of said mortgaged property may be distributed *pro rata* among the creditors of said Goodrich; and that a receiver, with the customary powers, may be appointed to take charge of said property, and execute the said assignment; and that the said assignee, Henry E. Walbridge, be enjoined from paying any of the proceeds of the sales of the assigned property to said William and Eliza Haskins upon said mortgage; and that said William and Eliza Haskins be enjoined from meddling with or taking possession of said assigned property under said mortgage till the further order of the court; and that your orators may have such other and further relief in the premises as shall be agreeable to equity and good conscience."

The bill also contains a prayer for injunction and subpœna, and is verified by the solicitor for complainants.

Demurrer to the bill is interposed by all the defendants, and for causes of demurrer the defendants allege:

"1. Because in no way or form is it alleged in com-

plainants' bill that an order of said court was obtained to file and bring said bill of complaint into court without the aid of the assignee.

" 2. That no bill of complaint can be filed and brought into court without the aid of the assignee or receiver.

" 3. Because the court has no jurisdiction to entertain said bill of complaint, or grant the relief prayed for, or any part thereof.

" 4. Because said complainants have, and had, a full, complete, and adequate remedy at law.

" 5. Because said complainants had not, prior to filing their said bill of complaint, and the issuing of the injunction in this cause, and have not since, obtained any order of this court requiring the assignee to institute such contest.

" 6. Because the bill of complaint in this case is multifarious."

The cause came on for hearing on the demurrer in the circuit court, in chancery, for the county of Clinton, on April 12, 1888; and the court held the demurrer good and sufficient, and made a decree therein dismissing said bill, with costs, but without prejudice. Complainants appeal.

Defendants' counsel now seek to bring this case within the ruling of this Court in *Sweetzer v. Higby*, 63 Mich. 13 (29 N. W. Rep. 506), and the cases there cited.

The bill in the present case charges the assignee, Henry E. Walbridge, with advising the assignor in the matter of the assignment, and in the making of the chattel mortgage, and alleges that the chattel mortgage was given to cheat, hinder, delay, and defraud creditors. The case is one where the fraud is charged upon the assignee as well as the assignor, and does not come within the cases above cited. It falls directly within the sixth section of the act relating to " Voluntary Assignments for the Benefit of Creditors" (How. Stat. § 8744), which provides:

" In case there shall be any fraud in the matter of

said assignment, * * * any person interested therein may file his bill in the circuit court, in chancery," etc.

The sixth section was intended to give the creditors, ample relief against the incompetency, neglect, or fraud of the assignee; and the bill in this case, we think, con-- tains sufficient allegations of fraud against the assignee as well as the assignor, charging fraud in the matter of the assignment, to put the defendants to a defense of the case.   In such cases it is not necessary to obtain the order of the court requiring the assignee to institute the proceedings.   The creditors may maintain the bill with- out his intervention.   He as well as the assignor is charged with the fraud in the matter of the assignment itself

The decree of the court below must be set aside, with costs, and the demurrer overruled.   The defendants will have 30 days after filing *remittitur* in court below to file and serve answers to the bill, and upon their failure so to do the cause will proceed under the bill according to the rules and practice of the court.   The injunction must be held in force until the cause is heard upon proof to be taken in the cause.

The other Justices concurred.