WILLIAM M. MUNSON v. CHARLES E. ELLIS.

*Assignments for benefit of creditors—Approval of assignee's bond—Penalty of bond—Insolvents.*

1. The omission of the county clerk to indorse his approval on the bond of an assignee within ten days after his appointment does not invalidate the bond.    How. Stat. § 8739.

2. An assignment for the benefit of creditors is not made void by the failure to make the penalty of the assignee's bond double the amount of the inventory.    How. Stat. § 8739.

3. Insolvency may be mere inability to pay one's debts as they mature in the ordinary course of his business, even though the insolvent's assets exceed his liabilities.

4. One can make an assignment for the benefit of his creditors without being insolvent; and the assignment will be valid unless creditors can show that it was made with the fraudulent intent of hindering them.

5. Whether an assignment for the benefit of creditors can be assailed at law for the failure to file the assignee's bond until after creditors have levied, if no proceeding has been taken in equity to enforce the trust—Q.

Error to Eaton.   (Hooker, J.)    Oct. 22.—Oct. 28.

REPLEVIN.    Plaintiff brings error.    Reversed.

*Cahill, Ostrander & Baird* for appellant.

*Sagendorph & Powers* for appellee.

CHAMPLIN, J.   On and prior to January 26, 1884, Frank A. Ruggles and Frank Weston were and had been engaged as copartners, under the firm name of Ruggles & Weston, in the furniture and undertaking business, in the city of Charlotte, Michigan.   On that day they executed a general assignment of all their property for the benefit of their creditors to William M. Munson, the plaintiff in this suit. An inventory was made, and on the 4th day of February a bond of the assignees, with two sureties, was filed with the clerk of Eaton county.   The sureties appeared before the clerk and justified as to their responsibility, and the bond and sureties were satisfactory to the clerk, but he neglected to endorse his approval thereof upon the bond.   The inventory showed the value of the assigned property to be $8324.67. The penalty of the bond was in the sum of $14,000.   The assignee accepted the appointment, took possession of the assigned property, and proceeded to execute the trust, and make sales of the goods, until the 11th day of March.   On that day the sheriff, at the suit of certain creditors of the assignors, levied upon the property and took it in his possession.   The plaintiff demanded the property from the sheriff,

and he refused to deliver up the same, and thereupon plaintiff brought replevin. To maintain his action, upon the trial he offered in evidence the assignment and other papers connected therewith, including the bond. The bond was objected to as irrelevant, immaterial and incompetent; that the bond was not executed, filed or approved as required by law, and within the time required by law; that it was not in double the amount of the value of the goods or the property, as shown by the inventory annexed to and filed with the assignment. The objection was sustained, and exception was taken. The plaintiff had previously proved by the county clerk that he did in fact approve of the bond at the time it was filed, and that his failure to endorse his approval thereof upon the bond was an oversight; and that he formally endorsed such approval on the bond on the 13th day of March, 1884, which was five days before the replevin suit was commenced. The plaintiff then (having the sureties in court) requested leave and offered to increase the penalty of the bond to $17,-000, which the court refused to permit. He then tendered and offered to file a new bond in the penalty of $17,000, in which the sureties had justified, and which had endorsed thereon the approval of the county clerk, which was also refused by the court.

The statute relative to assignments for the benefit of creditors does not in express terms require that the approval of the clerk shall be endorsed upon the bond at the time it is filed; nor does it declare that the assignment shall be void if it is not endorsed with the clerk's approval. The language of the proviso to How. Stat. § 8739 is, "that no such assignment shall be effectual to convey the title to the property to the assignee until such bond shall be executed, filed with, and approved by said clerk." These three requisites were complied with in this case. The act of endorsing the approval upon the bond was merely ministerial, and could be done at any time; the approval of the bond involved an exercise of judgment and discretion, and was necessary to be exercised before the assignment would be effectual to pass the title to the assignee. So far, therefore,

as the ruling of the court was based upon the fact that the approval of the clerk was not endorsed upon the bond before the levy it was erroneous. The statute requires the penalty of the bond to be at least double the amount of the assigned property, as shown by the inventory; and the question is whether this irregularity rendered the assignment absolutely void, and so prevented the title to the property from passing to the assignee. This act was passed in 1879. Section 1 provides that all assignments for the benefit of creditors shall be void unless made without preferences, and unless it shall be of all the property of the assignor not exempt from execution, and unless the assignment, or a duplicate thereof, an inventory of the assigned property, a list of creditors of the assignor, and a bond for the faithful performance of the trust by the assignee, shall be filed in the office of the clerk of the circuit court of the county where the assignor resides, within ten days after the making thereof. The statute then declares that "Such assignment shall convey to the assignee all property of the assignor not exempt from execution, and all rights, legal or equitable, of said assignor : provided, that no such assignment shall be effectual to convey the title to the property of the assignor to the assignee until such bond shall be executed, filed with, and approved by said clerk."

The record shows a substantial compliance with this section by the assignors. It will be observed that this section makes no allusion to the penalty of the bond. Unless the bond filed by the assignee is conditioned for the faithful performance of the trust, and is filed with and approved by the clerk, the assignment is not effectual to convey the title. When section 1 is complied with, the title passes to the assignee. The next section prescribes how it shall be acknowledged, what the inventory and list of creditors shall contain, by whom and how it shall be verified, to whom the bond shall be executed, its penalty and condition, the number of sureties, and the manner and amount in which they shall justify. A deviation from these requirements does not affect the validity of the assignment to transfer the title to the assignee, but it places it in the power of the circuit court in chancery,

upon the complaint of any person interested therein, to enforce the trust created by the assignment, and in its discretion to take the execution of the trust from the assignee and place it in the hands of a receiver. Section 6. And if the bond should be deemed defective, or the sureties insufficient, the court is authorized from time to time to require new bonds or sureties, who shall justify as therein provided. Section 11, being How. Stat. § 8749. These provisions show that it was the intention of the Legislature to preserve the trusts created by a common-law assignment for the benefit of all creditors of the debtor, and to protect and enforce them, either through the assignee appointed in the instrument, or by a receiver appointed by the court at the instance of creditors. What we here determine is that within the meaning and spirit of the law the assignment in question was not void by reason of the fact that the penalty was less than twice the amount of the inventory, and the court was in error for excluding the bond on that ground.

It is claimed that the assignment is void because the footings of the assets, as shown by the inventory, far exceed the debts, as shown by the footings of the amount due to the creditors, and that only insolvent debtors can make a valid voluntary assignment. But we think this is a mistaken view of the law. A person may be insolvent, in the proper signification of that term, although his assets may exceed his liabilities. A person may be said to be insolvent when he is unable to pay his debts as they mature in the ordinary course of his business, and this seems to have been the condition of the assignors in this case. Moreover, a person, whether insolvent or not, may legally execute a conveyance of his property to a trustee or assignee to pay his indebtedness, if he have any. Such conveyance would not be void upon its face, nor intrinsically so. Creditors could attack its validity upon the ground that it was made with intent to hinder, delay and defraud them, and unless they could establish such intent the assignment would be valid.

Counsel for defendant relies upon what was said in the case of *Fuller v. Hasbrouck* 46 Mich. 78, as justifying the court

below in excluding the bond from evidence, in which it was intimated, but not decided, that if the bond is not given in ten days after the assignment, execution levies might perhaps be perfectly valid if creditors fail to invoke the intervention of equity, since it is only when the execution of the trust under the sixth section of the statute is called for that they are displaced.

Attention is called to the fact that no creditor has sought the intervention of equity, and that they are assailing the validity of the assignment at law. But, as we hold that the objections urged do not affect the validity of the assignment, the point alluded to in *Fuller v. Hasbrouck* does not arise. Had no bond been filed, or had it not been filed until after the expiration of ten days, and not until after creditors had levied, and no proceedings had been taken in equity to enforce the trust, we should have been called upon to decide the question whether the assignment could be assailed at law. But that is not the case here.

The judgment of the circuit court must be
Reversed and a new trial ordered.

The other Justices concurred.