63 716
67 368
63 716
83 258
83 545
63 716
89 350
63 716
111 358

### SAMUEL S. BEARD AND ELI BEARD V. CONRAD CLIPPERT.

*Execution—Duty of officer—Assignment for benefit of creditors
—Bond of assignee—Remedy of creditors if bond not filed.*

1. Plaintiffs delivered a writ of attachment to a sheriff for execution, who demanded and received a *satisfactory* bond of indemnity, and placed the writ in the hands of a deputy for service. Plaintiffs pointed out to the deputy the goods which they desired attached, the same being in the store of the attachment debtors, which was locked, and the officer was refused admission. He made no effort to levy the writ, and returned that he was unable to find any property whereon to levy. Plaintiffs paid his fees, and brought suit for damages. On the trial the sheriff offered in evidence an assignment by the attachment debtors of all of their property, dated December 11, 1884, but made no proof of the execution of the bond required by the assignment statute. The writ of attachment was delivered to the sheriff December 19, 1884, returnable January 5, 1885, and was returned as aforesaid on January 13, 1885.

*Held,* that the assignee had until December 21, 1884, to file said bond, and, failing to do so, no title passed under the assignment.

*Held,* further, that it was the duty of the sheriff to have made a levy *after* the expiration of the statutory ten days for filing the bond, and that it was incumbent on him, when sued for *failure* to do so, to show, by satisfactory evidence, that the property on which he was directed to levy did not belong to the attachment debtors, or either of them.

2. It is incumbent on an officer who seeks to excuse his failure to attach property by showing that the debtor had made a general assignment prior to the issuance of the writ, to produce the statutory bond which the assignee is required to execute and file, and, on failing to do so, the production of the files in the assignment matter, showing the absence of such bond, while unnecessary, places the question beyond dispute.

3. After the expiration of the ten days in which an assignee is required to file his bond under How. Stat. § 8739, a creditor may proceed upon the equity side of the court, for the enforcement of the trust through the intervention of a receiver, or, if no other creditor invokes the aid of the equity court, he may proceed to

enforce his claim by attachment against the assigned property, the same as if the attempted assignment had not been made.

Error to Wayne. (Chambers, J.) Argued November 11, 1886. Decided November 17, 1886.

Case. Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Albert J. Chapman,* for plaintiffs.
*Otto Kirchner,* for defendant.

CHAMPLIN, J. In 1884 and 1885 the defendant was sheriff of the county of Wayne.

On the nineteenth of December, 1884, the plaintiffs placed in his hands for service a writ of attachment issued out of and under the seal of the circuit court of Wayne county, wherein the plaintiffs in this suit were plaintiffs, and against the goods, chattels, lands, and tenements of Alexander L. Kirby, McElwane Miner, and Lewis H. Agnew, as defendants, which writ was returnable on the fifth day of January, 1885. The writ was based upon a proper affidavit, and was indorsed with security for costs. Upon presenting the writ to the defendant for service, he declined to serve the writ by levying upon certain goods in the store then or lately occupied by Kirby, Miner, and Agnew, unless he was first protected by a bond of indemnity. This bond was given to his satisfaction. He then placed the writ in the hands of his deputy for service.

Plaintiffs' agent went with this deputy, and pointed out the goods as goods of the defendants in the attachment suit, upon which he desired the sheriff to levy. These were in a store at No. 292 Woodward avenue, being the store occupied by the defendants in the writ. The goods were in sight, but the store was locked, and the officer was refused admission.

The officer made no effort to levy upon the goods, but on the thirteenth day of January, 1885, made and filed return

to the writ that he was unable to find any property belonging to the defendants in his bailiwick. Plaintiffs afterwards paid the sheriff his fees for services in the attachment suit, but for what amount does not appear. The plaintiffs then brought this action to recover their damages on account of the neglect and failure of the defendant to serve the writ.

On the trial the defendant showed, on cross-examination of plaintiffs' witness who went with the deputy, and directed him on what goods to levy, that Mr. Andrus claimed to be in possession of the goods as assignee; that he had heard that an assignment had been made, but he had no actual knowledge thereof. The defendant then proved by said Andrus that he was in possession at the time referred to as the assignee of Miner & Agnew, had the key, and refused the sheriff admittance. Defendant then offered in evidence the deed of assignment executed by McElwane Miner and Lewis H. Agnew to Frank D. Andrus, dated the eleventh day of December, 1884, which was admitted, against the plaintiffs' objection of incompetency, irrelevancy, and immateriality. The deed, upon its face, purports to be an assignment of all the assignors' property, without preference, for the benefit of their creditors.

No bond was offered in evidence, and the plaintiffs' counsel contends that until such bond is filed the title of the goods does not pass to the assignee by the express language of the statute, which provides that no such assignment shall be effectual to convey the title to the property of the assignor to the assignee until such bond shall be executed, and filed with and approved by the clerk of the circuit court. How. Stat. § 8739.

This section has been considered by this Court in the cases of *Fuller v. Hasbrouck,* 46 Mich. 78; *Coots v. Radford,* 47 Mich. 37; and in *Munson v. Ellis,* 58 Mich. 331. In the last case it was said:

" Had no bond been filed, or had it not been filed until

after the expiration of ten days, and not until after creditors had levied, and no proceedings had been taken in equity to enforce the trust, we should have been called upon to decide the question whether the assignment could be assailed at law."

But the question was not decided in that case.

Here the assignment was made on the eleventh of December. The writ was placed in the sheriff's hands on the nineteenth, with a proper indemnifying bond. The assignee had until the expiration of the twenty-first of December in which to file his bond. Failing in that, the sheriff had from the twenty-second of December until the return-day of the writ to make service, by levying upon the goods, for which he had been indemnified.

It was the duty of the sheriff, under the circumstances, to make the levy after the ten days had expired. Neglecting that, it was incumbent, when sued for failure so to do, to show, by satisfactory evidence, that the property upon which he was directed to levy, and for which he had received indemnity, was not the property of defendants in the writ of attachment, or of either of them.

If he relied upon the assignment as a transfer of title, it was incumbent upon him to show that a bond was filed, or that creditors had intervened upon the chancery side of the court to enforce the assignment. This he failed to do. On the contrary, it appears that the plaintiffs introduced in evidence all the files in the Miner and Agnew case relating to the common-law assignment, and there does not appear any bond given by the common-law assignee among them. This the plaintiffs need not have done, but it places the question beyond dispute. If no bond was filed, it is plain the title to the property did not pass to the assignee.

A creditor of the assignors, after the time given by the statute to file the bond has expired, has two remedies open to him. He may proceed upon the equity side of the court, to have the trust carried out through the intervention of a receiver

and the supervisory powers of a court of chancery, or he may, if no other creditor invokes the aid of chancery, proceed to enforce his claim against the property of his debtor by levy of attachment or execution, as if the attempted assignment had not been made. He is not obliged, because an attempted assignment has been made, but fails utterly for want of the filing of the required bond, to proceed to enforce the trusts of the assignment in a court of equity.

The judgment must be reversed, and a new trial is granted.

The other Justices concurred.