McCUAIG *v.* CITY SAVINGS BANK.

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS—FILING OF PAPERS— COPIES.
    The filing with the county clerk of a document purporting to be a "copy" of an assignment for the benefit of creditors is not a compliance with 3 How. Stat. § 8739, requiring the assignment itself, or a "duplicate" thereof, to be so filed.

2. SAME—STATUTORY PROVISIONS—EFFECT OF NONCOMPLIANCE.
    The failure of an assignee for the benefit of creditors to file with the county clerk the original assignment or a duplicate thereof, an inventory of the assigned property, a list of creditors of the assignor, and a bond for faithful performance, duly approved by the clerk, within 10 days after the making of the assignment, as required by 3 How. Stat. § 8739, renders the proceedings invalid.

3. SAME—BONDS—SURETY COMPANIES.
    The filing of a bond by an assignee for the benefit of creditors, signed by a corporation of another State as surety, without evidence that such corporation has been authorized to become surety on undertakings, is not such a compliance with the statute as to qualify the assignee to sue for assets of his assignor.

Error to Wayne; Donovan, J. Submitted November 13, 1896. Decided December 24, 1896.

*Assumpsit* by James F. McCuaig, assignee of George Beasley & Company for benefit of creditors, against the City Savings Bank, to recover the amount of a general deposit. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*S. E. Engle*, for appellant.

*Bowen, Douglas & Whiting*, for appellee.

MOORE, J. The plaintiff, as assignee, sued the defendant to recover deposits, amounting to $270, deposited with

it by Beasley & Co. Defendant claimed by way of defense:

1. That plaintiff was not legally the assignee of Beasley & Co.

2. That, if plaintiff was the assignee, defendant was entitled to retain out of the deposit enough to pay two notes, amounting to about $250, which it held, given by Beasley & Co., which matured after the assignment was made and before suit was brought.

The circuit judge found the proceedings relating to the assignment fatally defective, and directed a verdict for defendant.

The record shows that the assignment was made August 31, 1895; that on the same day a copy of said assignment was filed with the county clerk; that neither the original assignment nor a duplicate of it has ever been filed with the clerk. It also discloses that, after office hours on September 10th, the assignee and his attorney visited the county clerk's office with an inventory of assets and a list of creditors that were not sworn to, and with a bond, the surety to which was the Fidelity & Deposit Company of Baltimore, Md. They found a deputy clerk in the office, who had returned to the office for his bicycle. A request was made of this deputy that he approve the bond and file the papers. He declined to do so, on the ground that it was something that he knew nothing about; that it came within the duty of Mr. Christian, another deputy, or the clerk himself. The papers were left in the clerk's office. The next morning the assignee and his attorney again appeared at the clerk's office. The assignee wanted to verify the inventory and list of creditors. He was told that this must be done by the assignor, who was summoned, and, after the papers were verified, a filing was indorsed on one of them by the clerk, and the bond was detached and placed in the vault. There was no approval of the bond, or no filing of it, indorsed upon it, and there never has been, though the clerk testified that he regarded the bond as good, and

would have indorsed it with his approval on the 11th day of September if his attention had been called to it. Counsel for plaintiff asked that he be allowed at the trial to indorse his approval upon the bond, but the circuit judge declined to let him do so. No proof of the authority of the company to become surety on the bond was made. See Act No. 266, Pub. Acts 1895. Objection was made to the admission of these papers because they did not comply with the provisions of 3 How. Stat. § 8739; 2 How. Stat. § 8740.

A filing of a copy of the assignment, instead of an original or a duplicate, was not a compliance with the statute. A copy is a transcript of an original writing (Bouv. Law Dict.), and may be made by anybody. A copy cannot be given in evidence unless proof is made that the original is lost, or is in the power of the opposite party. While a duplicate is the double of anything. Bouv. Law Dict. It is either one of the two originals, both of which are executed by the same party or parties, and may be offered in evidence. It is no part of the duty of the clerk to file a copy of an assignment, but he could not refuse to file an original or a duplicate. The creditors are entitled to know that an assignment has in fact been made. That they cannot ascertain from inspecting what purports to be a copy. The failure to file an inventory and list of creditors within 10 days with the clerk is not a compliance with the statute. The failure to file with the clerk a bond, approved by him, within 10 days, is not a compliance with the statute. *Munson* v. *Ellis*, 58 Mich. 331; *Beard* v. *Clippert*, 63 Mich. 719; *Springett* v. *Colerick*, 67 Mich. 367; *Abbott* v. *Chaffee*, 83 Mich. 256. The surety was the Fidelity & Deposit Company of Baltimore. There is nothing in the record to show that this company was authorized to become a surety on the bond. The defendant is a creditor, which seeks to apply funds in its possession to the payment of a debt owed it by the assignors of the plaintiff. The creditor has a right to insist that, before it can be deprived of this fund, the

plaintiff shall show a substantial compliance with the statute. It will not be necessary to discuss the other questions raised by the record.

Judgment is affirmed.

The other Justices concurred.