## YOUGHIOGHENY & OHIO COAL CO. *v.* ANDERSON.

ASSIGNMENT FOR BENEFIT OF CREDITORS — DEBTOR AND CREDITOR — VALIDITY—STATUTES—TRUSTS—SALES.

The transfer of an entire stock of merchandise and fixtures to be distributed pro rata among creditors of the transferor, but not complying with the requirements of 3 Comp. Laws, § 9539 (5 How. Stat. [2d Ed.] § 14165), as to filing with the clerk of the circuit court and the execution of a bond, or giving notice to the interested parties, also omitting from its operation part of the assets of the debtor, was void at the instance of one of the creditors.

Error to Alpena; Connine, J. Submitted April 14, 1915. (Docket No. 89.) Decided June 7, 1915.

Garnishment proceedings by the Youghiogheny & Ohio Coal Company, a foreign corporation, against Samuel B. Kahn, garnishee of Joseph Anderson, principal defendant. Judgment for defendant garnishee. Plaintiff brings error. Reversed.

*O. H. Smith,* for appellant.

*Henry R. MacGillis,* for appellee.

STONE, J. Joseph Anderson, the principal defendant, was the owner of a stock of groceries and meats in the city of Harrisville, which he transferred to one John A. Stewart by bill of sale. The latter in turn sold the same to the garnishee defendant. Both sales were in violation of Act No. 223, Pub. Acts 1905, known as the "Sales in Bulk Act." The plaintiff sued and obtained a judgment against the principal defendant for $161.80 damages and costs $2.30, and garnished Kahn. Upon a trial of the garnishment suit in justice's court the plaintiff recovered, but upon

an appeal to the circuit court a verdict and judgment were directed for the defendant. The plaintiff has brought the case here for review, and, assigning error upon the charge of the court, claims that the court erred in not directing a verdict for the plaintiff. The history of the matters leading up to the suit are as follows: The principal defendant was indebted to the plaintiff for goods sold to him previous to the date of the bill of sale. On March 20, 1913, the principal defendant gave to John A. Stewart a bill of sale:

"Know all men by these presents, that Joseph Anderson, of the city of Harrisville, in the county of Alcona, and State of Michigan, of the first part, for and in consideration of the sum of one hundred dollars ($100) and other valuable considerations, lawful money of the United States, to him paid by John A. Stewart of Harrisville, Michigan, of the second part, the receipt whereof is hereby acknowledged, has bargained and sold, and by these presents does grant and convey unto the said party of the second part, his executors, administrators and assigns, all the following goods and chattels, to wit: The entire stock of goods and fixtures and store furniture and all the equipment that said first party has for the running of the said business, also all books and accounts belonging to said party of the first part, and all obligations due him reserving only to himself that which the law gives him by way of exemptions, belonging to said party of the first part and now in his possession at the said city of Harrisville, Alcona county, to have and to hold the same under the said party of the second part, his executor, administrator and assigns forever. And the said party of the first part for himself and his executors, administrators and assigns, does covenant and agree to and with the said second party, his executors, administrators and assigns, to warrant and defend the sale of the said property, goods and chattels hereby made unto the said party of the second part, his executors, administrators and assigns against all and every person or persons whatsoever except as to the creditors of said party of the first part.

"In witness whereof I have hereunto set my hand and seal this 20th day of March, A. D. 1913.

"JOSEPH ANDERSON."

"Signed, sealed, and delivered in the presence of James H. Miller and F. E. Anderson."

No statutory inventory was made previous to the transfer, and no certified list of creditors was made in accordance with the provisions of the statute. Mr. Stewart took possession of the stock, and the bill of sale was filed with the city clerk. Mr. Stewart paid nothing for the stock, but appears to have taken steps in the interest of the principal defendant to sell the same for the benefit of the creditors of the latter. On April 18, 1913, Mr. Stewart wrote the plaintiff the following letter:

"HARRISVILLE, MICH., April 18, 1913.
"THE YOUGHIOGHENY & OHIO COAL CO.,
    "Cleveland, Ohio.
*"Gentlemen:*
"Mr. Joseph Anderson made an assignment of all his goods, fixtures and books of account to me for the benefit of creditors. Now if it will be satisfactory to you, and the other creditors, I will sell the stock of goods and fixtures and book accounts on April 24th next, to the highest bidder, and divide the proceeds among the creditors. Your name was handed to me with the other creditors, but in some way or other, I missed you in sending out the notice by registered mail. Let me hear from you by return mail. The inventory shows $1,500 stock and fixtures; $885 book accounts which is not very good, and the debts will run over $3,200. Now, to sell the whole thing we probably get $1,200 or $1,500 to be divided among the creditors. If you would rather have the business go through bankruptcy, let me know.

"Yours truly,
"JOHN A. STEWART."

Plaintiff did not reply to this letter, but sent its claim to an attorney. In pursuance of a notice given by Mr. Stewart, a public sale of the stock and fixtures

was made on April 24, 1913, for the sum of $749, including Anderson's exemptions of $250, leaving net $499. The garnishee defendant paid for the grocery stock and some fixtures $360, Mr. Stewart bought in the book accounts for $15.

Upon the trial of the case in the circuit court, Mr. Stewart testified:

"The purpose of the bill of sale was for me to take possession of everything that Anderson had, except his exemptions, and distribute it among all the fellows that he owed, just as the law—pro rata it—divide it pro rata among the creditors."

He also testified:

"There was no arrangement between Mr. Anderson and myself whereby the surplus, if any, would go back to Anderson. I have not paid for the goods yet, and have not turned over the money to the creditors as yet."

Upon the trial of the case it did not appear that the bill of sale included all of the property of Anderson, but it did affirmatively appear that he had a horse that was not included in the transfer. At the trial it was the contention of the garnishee defendant that the transfer to Mr. Stewart was a voluntary assignment for the benefit of the creditors of Anderson, under the provisions of chapter 260, 3 Comp. Laws. The trial court took that view of the case, and directed a verdict and judgment for the defendant. At the close of the evidence counsel for plaintiff requested the court to direct a verdict for the plaintiff. This was refused. There is no evidence in the record that the parties in making the transfer ever attempted to comply with the provisions of chapter 260, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14165 et seq.). No bond was given. Nothing was filed with the clerk of the circuit court. By section 9539 it is provided that:

"Such assignment shall convey to the assignee all property of the assignor not exempt from execution, and all rights, legal or equitable of said assignor: Provided, that no such assignment shall be effectual to convey the title to the property of the assignor to the assignee until such bond shall be executed, filed with, and approved by said clerk."

It is further provided that the assignment shall be void unless it is of all the property of the assignor, not exempt from execution, and unless such instrument of assignment, inventory, etc., shall be filed with said clerk within 10 days after the making thereof. We are of the opinion that the proceedings were invalid as an assignment for the benefit of creditors. *McCuaig* v. *Savings Bank,* 111 Mich. 356 (69 N. W. 500), and cases cited; *Beard* v. *Clippert,* 63 Mich. 716 (30 N. W. 323).

It is therefore unnecessary to decide whether the "Sales in Bulk Act" applies to and governs a valid assignment for the benefit of creditors.

We think that the trial court erred in not directing a verdict for the plaintiff, as the record appeared. The judgment is reversed, and a new trial granted.

BROOKE, C. J., and MCALVAY, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.