# Herman Resler and Bernard Resler, Trading as Herman Resler & Company, Appellants, v. Raymond L. Seaman and Morris L. Seaman, Trading as R. L. Seaman & Company, Appellees.

## Gen. No. 28,551.

1. PARTNERSHIP—*rights of firm creditors against partner continuing in firm name.* Where one of two members of a partnership assigned all of his interest to the other who continued the business under the same firm name creditors of the firm at the time of the assignment remained its creditors thereafter under the provisions of paragraph 2, section 41, chapter 106a of the statutes (Cahill's Ill. St. ch. 106a, ¶ 41).

2. FRAUDULENT CONVEYANCES—*assignment for benefit of creditors as within Bulk Sales Act.* A sale and transfer of the entire assets of one doing business as a partnership, to a trustee for the benefit of creditors is within and must be made in compliance with the provisions of the Bulk Sales Act, Cahill's Ill. St. ch. 121a, ¶¶ 1-3.

3. GARNISHMENT—*proceeds of stock in trade assigned for creditors void under Bulk Sales Act as garnishable.* Where the entire stock of goods of a debtor was transferred to an assignee for the benefit of creditors without complying with the Bulk Sales Act, Cahill's Ill. St. ch. 121a, ¶¶ 1-3, and such goods had been sold and the proceeds were still in the hands of the trustee, they were subject to garnishment proceedings at the hands of a creditor of such debtor though, as between the debtor and the trustee, they were not owing to the debtor.

Appeal by plaintiffs from the Municipal Court of Chicago; the Hon. GEORGE B. HOLMES, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Reversed and cause remanded. Opinion filed June 11, 1924.

KAMFNER & HALLIGAN, for appellants.

No appearance for appellees.

MR. JUSTICE THOMSON delivered the opinion of the court.

The defendants were partners doing business as R. L. Seaman & Company, buying and selling general

merchandise. The plaintiffs recovered a judgment against them for $158.70, for goods sold and delivered. These sales covered a period from April 24, 1922, to June 7, 1922. The plaintiffs recovered their judgment on August 28, 1922. Some time between April 24 and August 28, Morris L. Seaman assigned all his right, title and interest in and to the copartnership of Raymond Seaman and Morris L. Seaman, doing business as R. L. Seaman & Co., which was a one-half interest, to Raymond L. Seaman, doing business as R. L. Seaman & Company. On August 31, plaintiffs began garnishment proceedings on their judgment, summoning one McKey as garnishee. McKey filed an answer setting forth that on August 2, 1922, Raymond L. Seaman, doing business as R. L. Seaman & Co., made an assignment to him for the benefit of all his creditors; that all the property so assigned, including a stock of merchandise, had been sold for cash, realizing a sum in excess of the claim of the plaintiffs.

At the time of the assignment of the stock of merchandise belonging to the partnership of R. L. Seaman & Co., to the assignee McKey, the requirements of the Bulk Sales Act [Cahill's Ill. St. ch. 121a, ¶¶ 1-3] were not complied with. No notice of the assignment and transfer of the partnership assets to McKey came to the plaintiffs.

It was the contention of the garnishee McKey, that, inasmuch as the plaintiffs had a joint judgment against Morris L. Seaman and Raymond L. Seaman, doing business as R. L. Seaman & Company, the assets in his hands could not be reached by them as they had come to him by assignment of Raymond L. Seaman only, doing business as R. L. Seaman & Co. Apparently on that theory the trial court found the issues for the garnishee and entered a judgment that the plaintiffs take nothing by their suit and discharged the garnishee. To reverse that judgment the plaintiffs have perfected this appeal.

Neither the original parties defendant nor the

garnishee have followed the appeal to this court.   The assignment by Morris L. Seaman of his interest in the partnership business of R. L. Seaman & Co. presumably occurred some time before August 2, 1922, for, according to the answer of the garnishee, the assignment of the assets of the partnership, to him, for the benefit of the partnership creditors, executed by Raymond L. Seaman, doing business as R. L. Seaman & Co., was made on that date.

On August 2, 1922, the plaintiffs were creditors of the defendant partnership just as they had been prior to the assignment of the interest of Morris L. Seaman. It is provided by paragraph 2, section 41, chapter 106a, of our statutes (Callaghan's Illinois Statutes, ch. 106a, par. 8354[4], Cahill's Ill. St. ch. 106a, ¶ 41) that where all but one partner retire and assign their rights in partnership to the remaining partner, who continues the business without liquidation of the partnership affairs, creditors of the dissolved partnership are also creditors of the person or partnership so continuing the business.

As pointed out by the plaintiffs, this court has held, in *Traeger, Sheriff v. National Surety Co. et al.,* 212 Ill. App. 267, that such a sale and transfer of assets, as the one involved in the case at bar, from Raymond L. Seaman, doing business as R. L. Seaman & Company to McKey is within the provisions and requirements of the Bulk Sales Act [Cahill's Ill. St. ch. 121a, ¶¶ 1-3] of this state. It is conceded in the stipulated statement of facts, on which the case was submitted to the trial court, that the notice required under that Act was not given to the plaintiffs prior to the assignment of the partnership assets on August 2, 1922. There are a number of decisions, in other jurisdictions, similar to the decision of this court in the *Traeger* case, *supra,* to the effect that in order that the transfer of an entire stock of goods to a trustee, for the benefit of creditors, may be valid as to creditors of the one making the transfer, such transfer or

sale must comply with the requirements of the Bulk
Sales Law. *Bailen v. Badger Import Co.*, 99 Neb. 24;
*Gallus v. Elmer*, 193 Mass. 106; *Sampson v. Brandon
Grocery Co.*, 127 Ga. 454; *Humphrey v. Coquillard
Wagon Works*, 37 Okla. 714; *Youghiogheny & Ohio
Coal Co. v. Anderson*, 186 Mich. 349, 152 N. W. 1025.
In the *Bailen* case, such an assignment was made with-
out complying with the requirements of the Bulk Sales
Law with respect to notice to creditors. Subsequent
to the assignment, one of the creditors of the debtor
who made the assignment procured a judgment
against the debtor, for the amount of their claim
against him. In the meantime, the assignee had sold
the assets of the debtor at public sale. Execution was
issued on this judgment and levied upon the goods
sold as the property of the debtor. Thereupon, the
purchaser of the goods, from whom they had been
taken under the execution, brought suit in replevin
against the sheriff who had taken the goods on execu-
tion. Judgment for the defendant in the trial court
was affirmed on review.

In *Pogue v. Rowe*, 236 Ill. 157, one Clausen, a mer-
chant owning a stock of goods, was insolvent. He
made a common-law assignment to one Pogue for the
benefit of his creditors and Pogue took possession of
the merchandise. One of the creditors of Clausen se-
cured a judgment against the latter after Pogue had
taken possession of Clausen's assets. An execution
issued on that judgment to Rowe, a constable, and the
latter made a levy on the merchandise in Pogue's pos-
session. Thereupon, the latter sued out a writ of
replevin, and on the trial of this case there was a judg-
ment for the constable which was reversed in the Su-
preme Court. The trial court in that case held that
the transfer of the merchandise from Clausen to
Pogue was void, by reason of noncompliance with the
Bulk Sales Act of 1905, but the Supreme Court held
this was error, because the act referred to had been
held unconstitutional. The subsequent Bulk Sales

Act [Cahill's Ill. St. ch. 121a, ¶¶ 1-3], passed by our legislature, has, in the meantime, been held to be valid. *G. S. Johnson Co. v. Beloosky*, 263 Ill. 363.

On the authority of these decisions, we are of the opinion that the assignment from the debtor, R. L. Seaman & Co., to the garnishee, McKey, was void as to the creditors of the debtor, among whom were the plaintiffs. We are further of the opinion that although McKey had in turn sold the goods to others, and they were no longer in his possession, the proceeds of that sale, which he still retained, were subject to the garnishment proceedings instituted by the plaintiffs. While those proceeds in the hands of the assignee, McKey, were not owing by him to the debtor, R. L. Seaman & Co., as between the debtor and McKey, they should be regarded as owing to the debtor from the garnishee, as between the latter and the plaintiffs, as creditors of the debtor. *Cohn et al. v. Malo*, 198 Ill. App. 538; *La Salle Opera House Co. v. La Salle Amusement Co.*, 212 Ill. App. 621 (reversed and remanded by the Supreme Court, 289 Ill. 194, for reasons not applicable to the issues involved in the case at bar); *National Trust & Credit Co. v. Elmes*, 207 Ill. App. 153; *Monski v. Smith*, 224 Ill. App. 206; *Superior Plating Works v. Art Metal Crafts Co.*, 218 Ill. App. 148; *United Paper & Trading Co. v. Allen*, 222 Ill. App. 261; *Larsen v. Ritter*, 227 Ill. App. 300. In some of the cases referred to, the chattels, which were the subject of the sale which was void as to creditors by reason of noncompliance with the requirements of the Bulk Sales Law, were still in the hands of the garnishee at the time of the garnishment proceedings, while in others they were not, the garnishee having in turn sold the chattels to others, and having in his possession at the time of the garnishment proceedings, the cash proceeds of such sale.

For the reasons stated, the judgment of the municipal court is reversed and the cause is remanded to

that court for further proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded.*
TAYLOR, P. J. and O'CONNOR, J. concur.