MURRAY BROTHERS *v.* MACKINAC CIRCUIT JUDGE.

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS—TRUST MORTGAGES—
GENERAL ASSIGNMENTS.

Whether an instrument is a general assignment depends
on its character, and not on the name which parties see
fit to give it.

2. SAME—EFFECT OF GIVING TRUST MORTGAGE.

By giving a trust mortgage of all of the assets of a part-
nership, the partners accomplished the same result that
would have followed the execution and delivery of a ·trust
deed, except that they have deliberately tied the trustee's
hands so he is unable to act in behalf of the creditors
until he first forecloses his mortgage liens.

3. SAME—COURT MAY APPOINT RECEIVER.

Where the members of a partnership, by executing a trust
mortgage of all of its assets, voluntarily created a trust
embodying conditions adverse to the creditors, they should
be subjected to the same rule of law as one who makes
a voluntary assignment, and not allowed ·to do indirectly
what they could not do directly, and therefore, at the in-
stance of the creditors, the chancery court, under 3 Comp.
Laws 1915, § 13616, has jurisdiction to appoint a receiver
to enforce the trust.

4. SAME—EQUITY—JURISDICTION—ENFORCEMENT OF LIEN.

Although ordinarily creditors must exhaust their remedy
at law before resorting to equity, yet where the debtors
gave them a lien in the nature of a trust mortgage, they
may resort to equity to enforce it, especially where there
is need of injunctive relief, the probability of avoiding a
multiplicity of suits, and the possibility of need of an
accounting.

5. EQUITY—WHERE EQUITY AFFORDS MORE COMPLETE REMEDY IT
MAY BE INVOKED NOTWITHSTANDING REMEDY AT LAW.

That there is a remedy at law incident to a contractual
relation does not preclude an election of an equitable
remedy, which is much more complete, embracing what

[1]Assignments for Benefit of Creditors, 5 C. J. § 2; [2]Id., 5 C. J.
§§ 2, 142 (Anno); [3]Id., 5 C. J. §§ 419 (Anno), 426 (Anno);
[4]Id., 5 C. J. § 419; Creditors' Suits, 15 C. J. §§ 13, 23; Equity, 21
C. J. §§ 48, 105; ·[5]Id., 21 C. J. §§ 27, 32, 48.

would otherwise have been numerous suits at law, with
a possible necessity for equitable relief finally.

Mandamus by Murray Brothers and others to compel Frank Shepherd, circuit judge of Mackinac county, to vacate an order appointing a receiver. Submitted December 1, 1927. (Calendar No. 33,447.) Writ denied January 3, 1928.

*Davidson & Hudson,* for plaintiffs.

*Sprague & Shepherd,* for defendant.

NORTH, J. The plaintiffs herein are asking for a writ of mandamus to the circuit judge of Mackinac county commanding him to vacate an order appointing a receiver, and a temporary restraining order issued incident thereto. The defendant has made return to an order to show cause issued herein. From the record it appears that a partnership known as the Murray Brothers has carried on a mercantile business for years in the city of St. Ignace, Mackinac county, and also a lumber business. Since the death of a former member of this firm the business thereof has been conducted by the plaintiffs, Ann Murray and Mary Murray.

The financial affairs of the firm became involved, and on the 8th of September, 1927, the copartners, through their attorneys, submitted to their creditors a proposition to settle the firm obligations by paying 50 cents on the dollar. This attempt failed because it was acceptable to only a portion of the creditors. In their sworn answer filed in the case incident to which mandamus is now sought, the plaintiffs herein stated:

"Thereupon, being apprehensive, these defendants caused to be prepared and executed the trust mortgages * * * covering all the real and personal property of Murray Brothers, naming as trustee therein Walter C. Wylie."

On the 14th of October following, Peter Goudreau and Bridget Derusha filed a bill in behalf of themselves and other creditors in the circuit court of Mackinac county, in which the partnership, the members thereof, Honora Quinn, and said Walter C. Wylie were made defendants. The plaintiffs prayed that Wylie be removed as trustee; that the copartners be restrained from further incumbering, selling, or disposing of the firm assets; that a receiver be appointed; and that the defendant Honora Quinn be restrained from transferring or incumbering 80 shares of bank stock which had belonged to a former member of this firm. The plaintiffs herein and said Walter C. Wylie answered this bill of complaint. Upon a hearing before the circuit judge, these plaintiffs being present, on motion of the plaintiffs in the chancery case, a Mr. John Kolar was appointed receiver of the partnership, and the members thereof and the trustee under the mortgage were restrained from interfering with the receiver's possession. The order covers other incidental matters.

The plaintiffs herein assert that the circuit judge should be required to vacate his order appointing the receiver, etc., and assign as reasons therefor:

(1) That the bill of complaint filed in the main case does not set forth facts and circumstances sufficient to confer jurisdiction upon the court (in equity) or the judge thereof.

(2) That the appointment of the receiver and the issuing of the injunction prevents the trustee from operating, but still leaves the copartnership property incumbered with a trust mortgage and incapable of being handled.

(3) That the plaintiffs in the chancery case have a complete and adequate remedy at law.

(4) That there was an abuse of discretion on the part of the circuit judge in entering the order appointing the receiver.

(5) That said order was entered by the court at chambers.

(6) That the receiver does not have the necessary qualifications and experience, and will not secure the best results for the plaintiffs herein.

The meritorious question presented is whether the equity court has jurisdiction. These plaintiffs are now before this court saying in effect that they caused this mortgage to be .executed for the benefit of the creditors of Murray Brothers. It is stated in their petition that they contributed $40,000 of personal funds to the firm's needs but "that notwithstanding the cash contribution your petitioners had trouble in satisfying the present creditors of Murray Brothers and finally decided, after careful consideration and consultation with counsel, to execute trust mortgages covering all of their property to some properly qualified person *as trustee for all the creditors, without preference.*" Each of the two mortgages contains a similar recital. The execution of these instruments by the plaintiffs amounts to an assignment of all of their property for the benefit of creditors.

"Whether an instrument is a general assignment depends on its character, and not on'the name which parties see fit to give it." *Kendall* v. *Bishop,* 76 Mich. 636.

The rights of these litigants should be passed upon and tested by the same rules that apply to one who has made an assignment for the benefit of creditors. By giving a trust mortgage of all the assets of the firm, the plaintiffs have accomplished the same result that would have followed the execution and delivery of a trust deed, excepting they have deliberately tied the trustee's hands so he is unable to act in behalf of the creditors until he first forecloses his mortgage liens. This looks a bit like stalling for time; and his first step relative to executing the trust in the real estate will force the trustee to come into the court of equity, the very thing against which plain-

tiffs now protest. The mortgages did not give the trustee either possession or control of the trust property. While he was given the right after the expiration of 30 days to take control at his option, there is nothing in the instruments which requires him to act within any given time or vests authority in any of the creditors to compel action by the trustee. In any event, obviously as to the real estate, the period of redemption must run after foreclosure before the trustee will be in position to act effectively in behalf of the creditors. As to them, the result is the same as though the trustee had neglected his duties or was incompetent. The plaintiffs have voluntarily created a trust embodying conditions which are adverse to the creditors, and they should be subjected to the same rule of law as one who makes a voluntary assignment; and not allowed to do indirectly what they could not do directly. The statute governing assignments provides:

"In case * * * the assignee shall fail * * * to promptly and faithfully execute said trust, any person interested therein may file his bill in *the circuit court in chancery* in the proper county for the enforcement of said trust; and the court in its discretion may appoint a receiver." * * * 3 Comp. Laws 1915, § 13616.

Concerning this statute it has been said: "This section was intended to give creditors ample relief against the incompetency, neglect, or fraud of the assignee." *Burnham* v. *Haskins,* 72 Mich. 235, 240. Referring to a trustee's failure to conform to the requirements of this statute (*i. e.* file a bond), Justice CHAMPLIN said:

"A creditor of the assignors * * * has two remedies open to him. He may proceed upon the equity side of the court, to have the trust carried out through the intervention of a receiver and the supervisory powers of a court of chancery," or he may proceed at law. *Bread* v. *Clippert,* 63 Mich. 716.

See, also, *Appeal of Smith,* 86 Mich. 149, 158. So, in this case, while the plaintiffs herein could not claim·this was a valid assignment for the benefit of their creditors under the statute, we think the plaintiffs in the chancery suit had a right to elect to do so.

Except where there is express statutory authority, or where one has an actual lien or security giving him an original right to file a bill, he must exhaust his remedy at law before resorting to equity. *Vanderpool* v. *Notley,* 71 Mich. 422, 430. But these plaintiffs have given a lien to their creditors by executing the trust mortgage. And, further, "equity may afford relief where the legal remedy would be inadequate or not immediately available." *Maclean* v. *Fitzsimons,* 80 Mich. 336. The fact that there is a remedy at law incident to a contractual relation has been held "not to preclude an election of an equitable remedy which was much more complete, embracing what would otherwise have been numerous suits at law, with a possible necessity for equitable relief finally." *Olson* v. *Morrison,* 29 Mich. 395; *Carroll* v. *Rice,* Walk. Ch. 373.

This record discloses various reasons indicative of equity jurisdiction; such as need of injunctive relief, the probability of avoiding a multiplicity of suits, and possibly need of an accounting. We therefore conclude that the equity court was justified in entertaining jurisdiction of this case.

We have given consideration to the other questions raised, but in view of the facts disclosed by the respective pleadings and the return made by the circuit judge, we find they are without merit.

The writ is denied, with costs against plaintiffs.

FLANNIGAN, C. J., and FELLOWS, WIEST, CLARK, McDONALD, BIRD, and SHARPE, JJ., concurred.