## WILLIAMS v. BANANA DISTRIBUTING CO.

### No. 5924.

Circuit Court of Appeals, Sixth Circuit.

June 27, 1932.

Charles F. Hext, of Grand Rapids, Mich., for appellant.

T. F. McAllister, of Grand Rapids, Mich. (McAllister & McAllister, of Grand Rapids, Mich., on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

In Michigan, any instrument, including a trust mortgage, which conveys all of the assets of a debtor to a trustee for the benefit of his creditors without preference, is construed as an assignment for the benefit of creditors. Murray Brothers v. Circuit Judge, 241 Mich. 312, 216 N. W. 914; Kendall v. Bishop, 76 Mich. 634, 43 N. W. 645; Warner v. Littlefield, 89 Mich. 329, 50 N. W. 721; Hill v. Mallory, 112 Mich. 387, 70 N. W. 1016. Section 15352 of the Compiled Laws of Michigan of 1929 provides that all assignments commonly called common-law assignments for the benefit of creditors shall be void unless the instrument of assignment or a duplicate, an inventory of the assigned property, a list of the assignor's creditors, and a proper bond by the assignee, are filed within ten days after the making of the instrument. It also provides that no assignment shall be effectual to convey title to the assignee until the bond is filed and approved, and that no attachment or execution levied upon the assigned property before the expiration of the time provided for the filing of the bond shall be valid, or create any lien upon the property. By another section of the statute (15364) any creditor of an assignor has a right to file his bill in the chancery court of the proper county for the enforcement of a trust in case there is any fraud in the assignment, or failure of the assignee to file, qualify, or to comply with the provisions of the statute, and the court may in its discretion appoint a receiver to carry out the trust under its direction. Against this background of statute and decision are to be viewed the issues presented by the established facts.

On March 28, 1929, Besteman & De Meester, copartners, executed a trust mortgage to appellant as trustee for creditors; the mortgage covering both real and personal property. The instrument was recorded as a real estate mortgage on April 26, 1929, after certain schedules containing the names of creditors, accounts receivable, and a list of specific property were detached therefrom. The trustee took possession, notified creditors, managed the property, but failed to give bond or to comply with other conditions of the

statute. On July 23, 1929, the appellee recovered a judgment against the mortgagors in the sum of $4,262, and on August 15, 1929, caused an execution to issue and a levy to be made upon their real estate. On March 8, 1930, no creditor having invoked the aid of a court of equity to enforce the trust under the applicable provisions of the law, the appellee filed its bill of complaint in the United States District Court against Besteman & De Meester, their wives, and the trustee under the trust mortgage, praying that the instrument be set aside and vacated as to it and as to all persons who might become purchasers at an execution sale, and that the sheriff be directed to sell under the execution for the purpose of satisfying the judgment. Appellant trustee filed an answer, in which he sought to secure enforcement of the trust for the benefit of all of the creditors of the mortgagors, offered to file a bond as trustee under the assignment, statute, and asked that the appellee's levy of execution be set aside and held for naught. A petition by creditors to intervene was denied on the ground that their interests were sufficiently represented by the trustee.

The questions to be decided are: (1) Has the appellee by its judgment and levy upon the real estate of the mortgagors after the execution and delivery of the trust mortgage, and at a time when the trustee was in default for failure to comply with statutory conditions, and prior to the time when any creditor had invoked the aid of a court of equity to have the trust carried out through a Receiver, a lien precedent to the right of creditors under the mortgage; and (2) are creditors and the trustee now barred by principles of equity from invoking the aid of equity to administer the trust as against appellee's judgment and levy?

No definite answer has ever been given by the Supreme Court of Michigan to either of the questions propounded. Were it necessary, however, to decide the case by an answer to the first question, perhaps enough has been said by that court to point the road to decision. In Fuller v. Hasbrouck, 46 Mich. 78, 8 N. W. 697, 699, an assignee under a general assignment took possession, gave notice, and did everything which the statute requires to be done except to give a bond. The moment the ten days expired which are allowed to the assignee for the giving of a bond, several of the creditors appeared with attachments and seized upon the assigned property, claiming thereby a lien which took precedence of all other claims. Thereupon, and without any unnecessary delay, unsecured creditors filed their bill in equity for the execution of the trust under the statute. Basing decision upon the general intent of the statute to secure equal distribution of the property of insolvents among all creditors, but at the same time recognizing the difficulty in harmonizing all of its provisions, Mr. Justice Cooley for the court held the attachments displaced by the intervention of equity for the purpose of executing the trust. The opinion, however, expressly disclaimed any view as to what might have been the result if it had appeared that the assignees had never assumed the trust, or done any act in furtherance of it; pointed out that no question arose as to the effect of the suit in equity upon rights which may have become vested before it was instituted, since rights acquired by attachment are inchoate until judgment and execution levy; and called attention to the absence of laches in filing the bill.

The questions reserved in Fuller v. Hasbrouck were again stated in Munson v. Ellis, 58 Mich. 331, 25 N. W. 305, but not answered. Then followed the case of Beard v. Clippert, 63 Mich. 716, 30 N. W. 323, 324. This was a suit at law by an attaching creditor against a sheriff for failure to levy an attachment upon property covered by a debtor's general assignment for the benefit of creditors. No bond having been filed by the assignee, the court held that title to the property did not pass, and that the sheriff must respond in damages for failure to make the levy, saying: "A creditor of the assignors, after the time given by the statute to file the bond has expired, has two remedies open to him. He may proceed upon the equity side of the court, to have the trust carried out through the intervention of a receiver and the supervisory powers of a court of chancery, or he may, if no other creditor invoke the aid of chancery, proceed to enforce his claim against the property of his debtor by levy of attachment or execution, as if the attempted assignment had not been made. He is not obliged, because an attempted assignment has been made, but fails utterly for want of the filing of the required bond, to proceed to enforce the trusts of the assignment in a court of equity." Beard v. Clippert does not, of course, overrule Fuller v. Hasbrouck, for no creditors in the first-mentioned case invoked the aid of equity, and the precise question did not arise. It is to be noted, however, that if the appellant here is correct in the contention that a suit in equity under the statute, no matter when brought, will displace the lien of an attachment or an execution, the defendant in Beard v. Clippert might well

have defended on the ground that the attachment which he failed to levy could have been displaced at any subsequent time by a creditor's suit in equity, and therefore the plaintiff was in no wise damaged.

■■ Following Beard v. Clippert, the Supreme Court of Michigan has in a number of cases held that failure by the assignee to file a bond within ten days renders invalid an assignment for the benefit of creditors. Youghiogheny & Ohio Coal Co. v. Anderson, 186 Mich. 349, 152 N. W. 1025; McCuaig v. Savings Bank, 111 Mich. 356, 69 N. W. 500. Murray Brothers v. Circuit Judge, supra, is not in point. The suit there was brought by the assignors to set aside appointment of receiver. No question of priority was involved. It would seem, therefore, that if we were confronted with but the single question of determining priority between the lien of the appellee under its judgment and execution levy on the one hand, and the lien of unsecured creditors under an invalid assignment capable of being made effective by resort to equity on the other hand, affirmance might well be predicated upon the difference in the character of the lien created by an attachment and that created by an execution, the first being inchoate and subject to being defeated by delay or failure to obtain judgment, and the second being vested. What the simple contract creditors obtain by the statutory provision in their favor is but an inchoate right itself. To say that it displaces another inchoate right subsequent in time is not to hold that it also displaces a vested right. As was said in Fuller v. Hasbrouck: "The assignment as an effective trust in the hands of the assignee undoubtedly becomes inoperative and will remain so, and in a certain sense void, unless creditors take steps to save the trust and have it enforced in equity."

■■ We do not, however, rest decision upon a determination of the priority of appellee's lien. For more than a year after the execution of the mortgage no creditor other than the appellee took any steps to protect his rights. The appellee, however, proceeded with reasonable diligence. It brought suit upon its claim, obtained judgment, sued out execution, and levied upon the property assigned. In due course, and after the period had elapsed during which its lien might have been attacked under the Bankruptcy Act (11 USCA), it brought its suit in equity to set aside the trust mortgage, remove the cloud from the title, and have the property sold to satisfy the judgment. The court below decided the case in favor of the appellee upon the familiar principle that equity favors the diligent, and not those who slumber on their rights. We think it was right. We note the contention of the appellant that neither he nor creditors were aware that judgment had been taken or execution levied until apprised of these facts by the filing of the bill to set aside the mortgage. We do not deem this lack of notice important. The appellant knew that he had not complied with the provisions of the statute, that he had given no bond, and that he was acting under an invalid instrument. The creditors knew that any one of their number might under Beard v. Clippert, supra, proceed at law as well as in equity to enforce his rights. They permitted the appellee to go to the trouble and expense of suit, judgment, and levy, to the further expense of filing a bill to clear title, and now seek to render all its efforts nugatory by resort to the statute. We think they are too late. Another consideration contributes to this view. It has been held in Michigan that a creditor has no right to hold property under a writ of attachment beyond a reasonable time to obtain judgment, and issue and levy execution. Trowbridge v. Bullard, 81 Mich. 451, 45 N. W. 1012. Six months delay was in that case held unreasonable. We think the failure of creditors to pursue their equitable remedy under the statute for more than a year, and so to withhold from other creditors the right to pursue successfully a remedy at law, an unreasonable delay.

The decree of the District Court is affirmed.