No. 15,843.

Hocks *v.* Farmers Union Co-operative Gas and Oil Company.

(180 P. [2d] 860)

Decided April 21, 1947.

Mr. C. Mert Reese, Mr. W. David McClain, Mr. Edwin A. Williams, for plaintiff in error.

Mr. Richard D. Dittemore, for defendant in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

These parties appeared in reverse order in the trial court and are hereinafter referred to as Hocks and the company, respectively.

The company obtained a judgment against Hocks in the district court of Deuel county, Nebraska, and brought suit thereon in the county court of Sedgwick county. There Hocks defaulted and the company had judgment for $653.54 and costs. Hocks moved to vacate for defective service and his motion was denied. He appealed to the district court with like result and to review that judgment prosecutes this writ. The assignments raise a single question, i.e., Did the copy of the summons served on Hocks in the Sedgwick county court suit comply with the statute?

■ The summons in question was signed by the clerk. The copy delivered to Hocks bore the names of the clerk and counsel for the company in typewriting. Rule 4 (b) Rules of Civil Procedure, '35 C.S.A., provides for issuance of summons by the clerk or attorney for plaintiff. Rule 4 (e) 1, id., provides that it shall be served by delivering "a copy thereof." Hocks' complaint is that the copy delivered to him did not bear the actual signature of either clerk or counsel. In other words he insists upon a duplicate original, not a copy. That his position is without merit should require no support of authority. When the rule says "copy" it means copy. His several authorities, otherwise in point, are unavailing because they all relate to an original summons only.

■■ A copy is not an original. "A copy is a transcript of an original and may be made by anybody." *McCuaig v. City Savings Bank,* 111 Mich. 356, 358, 69 N.W. 500. Webster's New International Dictionary gives as synonyms for copy, "imitation" and "transcript." Moreover, error can not be predicated on any defect in a summons unless it results in prejudice. *Rich v. Collins,* 12 Colo. App. 511, 513, 56 Pac. 207. Rule 118 (f) vol. 1, '35 C.S.A. Assuming some informality here, no possible prejudice is even suggested.

The judgment is affirmed.

Mr. Justice Stone and Mr. Justice Hays concur.